

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 4 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| *JON ALAN ASHCRAFT,* Petitioner, | § | |
| | § | |
| | § | |
| *V.* | § | NO. B-98-031 |
| | § | |
| *GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| | § | |
| | § | |
| | § | |
| Respondent. | § | |

**RESPONDENT JOHNSON'S MOTION TO DISMISS AS TIME-BARRED WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division, Respondent, ("the Director") by and through his attorney, the Attorney General of Texas, and files this his Motion to Dismiss As Time-Barred With Brief in Support.

**I.**

**JURISDICTION**

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

**II.**

**DENIAL**

The Director denies each and every allegation of fact made by Petitioner, ("Ashcraft"), except those supported by the record and those specifically admitted herein.

## III.

## STATEMENT OF THE CASE

The Director has lawful custody of Ashcraft pursuant to two judgments and sentences of the 357th District Court of Cameron County, Texas, in cause numbers 91-CR-1521-E and 91-CR-1371-E, both styled *The State of Texas v. Jon Alan Ashcraft. Ex parte Ashcraft,* Application No. 24,803-02, -03, at 89. In both cases, Ashcraft was charged with the felony offense of burglary of a habitation, enhanced for punishment by a prior felony conviction. *Id.* at 62, 64. He entered a plea of not guilty to both counts and was tried by a jury at both trials. In cause number 91-CR-1521-E, the jury found Ashcraft guilty on April 8, 1992, found the enhancement paragraph to be true, and assessed punishment of imprisonment for seventy-five years. *Ex parte* Ashcraft, No. 24,803-03. In cause number 91-CR-1371-E, the jury found Ashcraft guilty on August 31, 1992, found the enhancement paragraph to be true, and assessed punishment of imprisonment for seventy-five years. *Ex parte Ashcraft,* No. 24,803-02 at 89.

Ashcraft's conviction in cause number 91-CR-1371-E was originally reversed. However, the state was granted a petition for discretionary review ("PDR") and after the Texas Court of Criminal Appeals remanded the case, it was affirmed by the Thirteenth Court of Appeals of Texas on August 22, 1996. *Ashcraft v. State,* No. 13-92-264-CR, *see also Ex parte Ashcraft,* No. 24,802-01, at 94. Ashcraft filed a petition for discretionary review, which was refused by the Texas Court of Criminal Appeals on May 7, 1997. *Ashcraft v. State,* No. 97-0260. Ashcraft's conviction in cause number 91-CR-1521-E was dismissed for want of jurisdiction on November 24, 1992. *Ashcraft v. State,* No. 13-92-585-CR, *see also Ex parte Ashcraft,* No. 24,803-01 at 94. After filing a state writ of habeas corpus, Ashcraft was granted an out-of-time appeal. *Ex parte Ashcraft,* No. 24,803-01, at cover. His conviction was then affirmed by the Thirteenth Court of Appeals on May 4, 1995. *Ashcraft v. State,* No. 13-94-00022-CR, *see also, Ashcraft v. State,* 900 S.W.2d 817 (Tx. Ct. App. -- Corpus Christi



ClibPDF - www.fastio.com

(1995)). Ashcraft has filed one state application for writ of habeas corpus challenging each of his convictions. The Court of Criminal Appeals denied both writs without written order on September 16, 1998. *Ex parte Ashcraft*, No. 24,803-02, -03 at covers. The record of Ashcraft's state writ applications is available and will be forwarded to the court once it has been reproduced.

## IV.

## EXHAUSTION OF STATE REMEDIES

The Director reserves the right to challenge whether Ashcraft has sufficiently exhausted his state remedies as required by 28 U.S.C. §2254(b), (c), pending the outcome of this motion.

## V.

## PETITIONER'S ALLEGATIONS

The Director understands Ashcraft's allegations to be as follows:

1. He was subject to a conflict of interest;
2. His rights against illegal search and seizure were violated;
3. There is no evidence to support each element of the crimes for which he was convicted;
4. His confession was involuntary;
5. He was denied his right to counsel; and
6. He received ineffective assistance of counsel.

## VI.

## RESPONDENT'S MOTION TO DISMISS AS TIME-BARRED

On April 24, 1996, the President signed the recent amendments to the federal habeas corpus statutes, the Antiterrorism and Effective Death Penalty Act, hereinafter "the AEDPA."



ClibPDF - www.fastio.com

The new statute provides that:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244 (West 1996).

Because the amendment does not specify when it was to become effective, it took effect on April 24, 1996, the date that it was signed by the President. *Goslon-Peretz v. United States*, 498 U.S. 395, 404, 111 S. Ct. 840, 846 (1991). In addition, it is the law of this circuit that petitioners whose convictions became final prior to the enactment of the the AEDPA are to be afforded a one-year period, to April 24, 1997, in which to file their petitions. *Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000 (5th Cir. 1998). Finally, the Fifth Circuit has recognized that "a



ClibPDF - www.fastio.com

properly filed application for state . . . collateral review . . . is not counted toward the limitations period." *Brewer v. Johnson,* 139 F.3d 491, 492 (5th Cir. 1998).

In cause number 91-CR-1371-E, the judgment of conviction became final on August 5, 1997, on the expiration of the ninety days allowed for filing a petition for writ of certiorari in the United States Supreme Court under Rule 13.1 of the Rules of the Supreme Court. *Caspari v. Bohlen,* 510 U.S. 383, 390, 114 S. Ct. 948, 953 (1994). Thus, the deadline for filing Ashcraft's federal petition was August 5, 1998, and his filing on November 30, 1998,[1] more than three months later, comes too late.

Moreover, the tolling provisions of the statute do not save Ashcraft's petition from dismissal. The record shows that Ashcraft's state habeas petition was filed on June 16, 1998, and decided on September 16, 1998. *Ex parte Ashcraft,* No. 24,803-02, at 1, cover. Thus, the pendency of the state habeas proceedings tolled the limitations period for a total of only 92 of the 117 days by which Ashcraft missed his federal filing deadline.

With respect to cause number 91-CR-1521-E, the judgment of conviction became final on April 16, 1996, on the expiration of the ninety days allowed for filing a petition for writ of certiorari in the United States Supreme Court under Rule 13.1 of the Rules of the Supreme Court. *Caspari v. Bohlen,* 510 U.S. 383, 390, 114 S. Ct. 948, 953 (1994). Because his conviction became final before the enactment of the AEDPA, Ashcraft is entitled to the one-year tolling period and his federal filing deadline was April 24, 1997. His filing on November 30, 1998,[2] more than six months later, comes too late.

Again, the tolling provisions of the AEDPA do not save Ashcraft's petition from dismissal. Ashcraft's state writ challenging this conviction was pending from June 16, 1998, until September 16, 1998. *Ex parte Ashcraft,* No. 24,803-03, at 1, cover. Because it was not

---

[1] *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). Ashcraft's petition is deemed filed the day he handed it over to prison authorities for mailing, presumably, the date he signed it.

[2] *See* FN1.



ClibPDF - www.fastio.com

pending during the one-year limitations period for filing Ashcraft's federal habeas writ, he is not entitled to tolling pursuant to 28 U.S.C. § 2244(d).

The record does not reflect that any unconstitutional state action impeded Ashcraft from filing for federal habeas corpus relief prior to the end of the limitations period. Moreover, the record does not reflect that the claims presented herein are of such a nature that they could not have been discovered during the limitations period by the exercise of due diligence. *See Flanagan v. Johnson,* 154 F.3d at 199 (the federal habeas statute "does not convey a statutory right to an extend delay . . . while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim"); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (neither an inmate's illiteracy, deafness, or lack of legal training amounts to factors external to the inmate to excuse an abuse of the writ); *Barrow v. New Orleans S. S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991) (ignorance of the law does not excuse failure to comply with a statute of limitations). *A fortiori,* Ashcraft's failure to file his petition within the limitations period requires that it be dismissed as time-barred.

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that Ashcraft's petition for writ of habeas corpus be dismissed as time-barred.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

MICHAEL T. MCCAUL
Deputy Attorney General for
Criminal Justice



ClibPDF - www.fastio.com

ROSS RAYBURN
Assistant Attorney General
Chief, Habeas Corpus Division

KRISTEN E. JERNIGAN
Assistant Attorney General
State Bar No. 90001898
Southern ID No. 24031
Attorney in Charge

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I, Kristen E. Jernigan, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Johnson's Motion to Dismiss As Time-Barred With Brief in Support has been served by placing same in the United States Mail, postage prepaid, on this the 12th day of December, 2000, addressed to:

Jon Alan Ashcraft
TDCJ-ID No. 638807
Retrieve Unit
Rt. 5, Box 1500
Angleton, Texas 77515

KRISTEN E. JERNIGAN
Assistant Attorney General



ClibPDF - www.fastio.com