UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 22 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JON ALAN ASHCRAFT, Petitioner, | § § § | |
| v. | § § | MISC. NO. B-98-031 |
| GARY JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, Respondents. | § § § § § | |

## MAGISTRATE'S REPORT AND RECOMMENDATION

### BACKGROUND

Pursuant to 28 U.S.C. § 2254, Petitioner, Jon Alan Ashcraft, now files an *untimely* motion to vacate his two convictions for burglary.[1] Two separate juries found Petitioner guilty on April 8, 1992, and August 31, 1992, respectively.[2] The Thirteenth Court of Appeals affirmed Petitioner's convictions on May 4, 1995, and August 22, 1996, respectively.[3] On May 7, 1997, the Texas Court of Criminal Appeals refused Petitioner's petition seeking a discretionary review of his second conviction.[4] On September 16, 1998, the Court of Criminal Appeals denied both of Petitioner's state writ of habeas corpus applications without written order.[5]

Petitioner's second conviction became final on August 5, 1997, ninety days after the May 7th

---

[1] *See* Misc. B-98-031, Pleading No. 1.

[2] *See The State of Texas v. Jon Alan Ashcraft*, App. No. 24,803; *Ex Parte Ashcraft*, App. No. 24,802.

[3] *See Ashcraft v. State*, 900 S.W.2d 817 (Tx. Ct. App.–Corpus Christi (1995)); *Ashcraft v. State*, No. 13-92-264-CR.

[4] *Ashcraft v. State*, No. 97-0260.

[5] *Ex Parte Ashcraft*, No. 24,803-02, at covers.

1

decision when Petitioner's time for filing a petition for writ of certiorari expired.[6] Had Petitioner failed to file a state habeas corpus application, the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations would have given Petitioner until August 5, 1998, to file his present Motion.[7] Albeit, the pendency of Petitioner's state writ tolled his statute of limitations and gave him an additional 92 days to collaterally attack his second conviction. Thus, with respect to his second conviction, Petitioner had until November 7, 1998, to file his present Motion. Petitioner did not file this Motion, however, until November 30, 1998.[8]

Nevertheless, Petitioner now asks that this court vacate his conviction on the grounds that (1) he was denied effective assistance of counsel; (2) he was subject to a conflict of interest; (3) his rights against illegal search and seizure were violated; (4) his confession was involuntary; (5) he was denied his right to counsel; and (6) there was insufficient evidence to support his convictions.[9]

## LEGAL PROVISIONS APPLIED

Pursuant to AEDPA's one-year statute of limitations, Petitioner had until November 7, 1999, to file his present Motion.[10] Petitioner did not file this Motion, however, until November 30, 1999.[11] Accordingly, Petitioner's Motion must be dismissed as time-barred unless the record reflects that an exception to the one-year statute of limitations applies. Specifically, Petitioner's Motion could be timely if the record reflects that (1) unconstitutional state action prevented Petitioner from filing his current Motion on time; or (2) he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final; or (3) that his claims concern a constitutional right recognized by the Supreme Court within the last year that was made retroactive

---

[6] *Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 953 (1994).

[7] See The Antiterrorism and Effective Death Penalty Act of 1996, Pub. Law No. 104-132, 110 Stat. 1214.

[8] *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (noting that a prisoner's petition is deemed filed the day he hands it over to prison authorities for mailing, presumably the date the petition is signed).

[9] *Supra* FN1.

[10] *Supra* FN7.

[11] *Supra* FN1.

to all cases on collateral review.[12] Petitioner's Motion is untimely, however, because the record makes clear that none of these exceptions apply.

Moreover, because Petitioner's first conviction became final before his second conviction, Petitioner's § 2254 Motion is time-barred as to his first conviction as well. Therefore, as Petitioner's Motion is a minimum of 25 days late, it must be dismissed as time-barred.

## RECOMMENDATION

For the above-stated reasons, it is recommended that Petitioner Ashcraft's § 2254 Motion be dismissed as time-barred. Because Petitioner has failed to allege any facts which demonstrate that his Motion is timely, this Court may summarily dismiss Petitioner's Motion.[13] A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

DONE in Brownsville, Texas this 22nd day of January, 2001.

Felix Recio
United States Magistrate Judge

---

[12] 28 U.S.C. § 2244(b)(c) & (d).

[13] *See United States v. Smith*, 915 F.2d 959, 964-65 (5th Cir.1990).

3