UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 8 2001

Michael N. Milby
Clerk of Court

JON ALAN ASHCRAFT    *

VS.    *    MISC: NO. B-98-031

GARY L. JOHNSON    *

**PETITIONER'S WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS IN MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jon Alan Ashcraft, Petitioner Pro Se who presents this "Petitioner's Written Objections to the Proposed Findings, Conclusions, and Recommendations In Magistrate Judge's Report and Recommendations." Petitioner now request a de novo review by the District Judge of said court of Petitioner's Written Objections.

Therefore, Petitioner respectfully requests this Court consider this response with a liberal scrutiny in keeping with the proviso enunciated in **Haines v Kerner**, 404 US 519, 92 SCt 594 (1972), rather than considering this matter under the stringent standards applied to pleadings drafted by learned counsel. In support thereof Petitioner would show the Court as follows:

I.

Petitioner received the Magistrate Judges's Report and Recommendations on January 26th, 2001 when he was contacted by the Retrieve mailroom.. (See Attachment "A").

2

Petitioner now timely files his Written Objections to the Magistrate Judge's Report and Recommendations by placing his Written Objections in the hands of the Retrieve mailroom on February 3rd, 2001 Certified Mail # 7099 3220 0006 7961 5273 in compliance with the well established "Mailbox" Rule. See **Spotville v. Cain**, 149 F3d 374, 378 (5th Cir. 1998) (Motion deemed filed the day he handed over to prison authorities for mailing, presumably, the date he signed it.); also see **Houston v. Lack**, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Eight (8) days after receiving the Magistrate Judge's Report and Recommendations and within the 10 days after being served with a copy. Therefore, in effect, preserving all of the below listed written objections for appeal and de novo review by the District Judge of said court.

## II.

Petitioner's Written Objections to the Proposed Findings, Conclusions, and Recommendations in Magistrate Judge's Report and Recommendations, herinafter, referred to as "Report", in listed form are as follows:

It appears that the Magistrate Judge has abused his discretion by failing to perform a fair and complete review of the following objections:

1. Petitioner's Response To Court Order of 9-13-00 filed with this court October 13, 2000;

2. The true and correct record of dates, times, cause numbers and motions filed (i.e. Motion for Rehearing filed on P.D.R.);

3. Properly calculate time-bared issue from the correct dates;

3

4.  Take notice that the two cases were joined by the Trial Court on March 2nd, 1992 in the Motion to Suppress;

5.  Take notice that cause # 91-CR-1371-E is the first case and lead case of the joinded cases;

6.  Take notice that any attempt to file a Petition of Habeas Corpus § 2254 on the second case 91-CR-1521-E prior to the full appellate review of 91-CR-1371-E would be failure to exhaust all all state remedies;

### III.

Due to the numerous misinterpretations of the facts of the record by both the Respondent and the Magistrate Judge it becomes necessary for Petitoner to provide the court with the proper and true facts of the record. First the court should take judicial notice that on March 2nd, 1992 the trial court of the 357th Juducial District Court, in Cameron County, Texas, joined both cause numbers 91-CR-1371-E and 91-CR 1521-E in a motion to suppress. (See Attachment "B") Therefore, in effect, making the primary issues of Petitioner's "Writ" controlled by the First and lead case 91-CR-1371-E.

Petitioner was went to trial in the <u>first</u> case 91-CR-1371-E on March 3, 1992. Upon which Judgement was signed April 8, 1992. On August 31, 1994 91-CR-1371-E / COA # 13-92-0264-CR was reversed. However, the state was illegally granted a petitioner for discretionary review ("PDR") on an issue not raised on direct appeal and after the Texas Court of Criminal Appeals remaned the case, it was affirmed by the Thirteenth Court of Appeals on August 22, 1996. **Ashcraft v. State**, 934 SW2d 727 (TexApp--Corpus

Christi 1996). Motion for rehearing was denied December 5, 1996. Upon which petition for discretionary review was filed March 4, 1997 and it was refused on May 7, 1997. On May 27, 1997 a motion for rehearing was filed on the ("PDR") and was denied September 10, 1997. (See Attachment "C").

Petitioner went to jury trial June 23, 1992 and was found guilty in the second case, Judgement was signed August 31, 1992. Petitioner's trial counsel failed to timely file notice of appeal causing the appeal for the second case, Ashcraft v State 13-92-585-CR to be dismissed for want of jurisdiction on November 24, 1992. Petitioner had to file a state habeas corpus for out of time appeal, Ex parte Ashcraft, No. 24,802-01. Petitioner was granted an out of time appeal. The second case 91-CR-1521-E was affirmed on May 4, 1995, **Ashcraft v. State** 13-92-0022-CR, see also **Ashcraft v State**, 900 S.W.2d 817 (Tx.App.--Corpus Christi 1995). Rehearing was denied June 22, 1995. A petition for discretionary review was filed October 23, 1995 and denied upon which a motion for rehearing was filed on the ("PDR") which also was denied. Mandate was issued in 91-CR-1521-E on March 8, 1996.

Petitioner filed one state application for writ of habeas corpus challenging each of the convictions on June 15, 1998. The Court of Criminal Appeals denied both writs without written order on September 16, 1998. Ex parte Ashcraft, No. 24,803-02, -03.

5

Petitioner filed his "writ" § 2254 on November 30, 1998 on both convictions. Paid the filing fee the first time on December 7, 1998. Petitioner did not hear from the District Court for over 1 year and 9 months until he received a written order of September 13, 2000. Petitioner responded to the court order of September 13, 2000 on October 9, 2000. and also paid the filing fee a second time. On November 10, 2000 the State filed the first motion for extension of time. On December 12, 2000 the State filed their motion to dismiss as time barred. On January 22, 2001 the Magistrate Judge signed his Report and Recommendations. On January 26, 2001 Petitioner received a copy of the Magistrate Judge's "Report" On February 3, 2001 Petitioner filed his objections to the "Report".

### IV.

**THE MAGISTRATE JUDGE HAS ABUSED HIS DISCRETION BY FAILING TO PERFORM A FAIR AND COMPLETE REVIEW OF THE FOLLOWING:**

#### OBJECTION # 1

PETITIONER'S RESPONSE TO COURT ORDER OF 9-13-2000 FILED WITH THIS COURT OCTOBER 9, 2000.

Petitioner received the Order of 9-13-00 and responded accordingly by filing "Petitioner's Response To Court Order of 9-13-00." Petitioner filed his response on October 9, 2000. Two issues were addressed. First was the Court's Order to file In forma pauperis, this was complied with by paying the filing fee a second time. The second issue addressed was the time-barred issue. Although Petitioner

argued that the date of the mandate was when the conviction became final, this was Petitioner truely believed in his limited legal training that this was the date a conviction became final. If the Magistrate had reviewed this argument he would have known that the mandate is issued with in 15 days after the motion for rehearing was denied. See Texas Rules of Appellate Procedure Rule 231. But it is apparent that this was not the case when the Magistrate in his recommendation states "Because Petitioner has failed to allege any facts which demonstrate that the Motion is timely filed, this Court may summarily dismiss Petitioner's Motion." Petitioner had clearly alleged facts which demonstrated his "Writ" was timely file but the Magistrate Judge had chosen to ignore "Petitioner's Response to Court Order of 9-13-00."

### OBJECTION # 2

THE TRUE RECORD: DATES, TIMES, CAUSE NUMBERS AND MOTIONS FILED (i.e. MOTION FOR REHEARING FILED ON P.D.R.)

The Respondent in his Motion to Dismiss gives a jumbled version of the record. Many of the dates referred to by the Respondent are wrong. Which just leads to more confusion. The end result is that the Magistrate Judge was lead into confusion in interpretation of the facts of the record. One example is in the "Report" the Magistrate Judge uses the date "November 7, 1999 as the date to timely file his

present Motion. Petitoner did not file this Motion, however, until November 30, 1999." The "Writ" was filed in 1998 <u>not</u> 1999. Furthermore the Respondent misleads the Court that May 7, 1997 was the end of Petitioner's direct review. Respondent conveniently fails to point out that a motion for rehearing on the ("PDR") was filed May 27, 1997 and denied on September 10, 1997. (See Attachment "C"). This being the date to calculate the Time-Barred issue.

### OBJECTION # 3

PROPERLY CALCULATE TIME BARRED ISSUE FROM THE CORRECT DATES

The correct date to calculate the Time-Barred issue is September 10, 1997. This is the date the motion for rehearing on Petitioner's ("PDR") was denied on the first case the lead case 91-CR-1371-E. (See Attachment "C"). The judgement of conviction became final on December 9, 1997, on the expiration of ninety days allowing for filing a petition for writ of certiorari in the United States Supreme Court under Rule 13.3 of the Rules of Supreme Court. **Caspari v. Bohlen**, 510 U.S. 383, 390-91, 114 S.Ct. 948, 953-54 (1994). The deadline for filing Petitioner's "Writ" was December 9, 1998. Petitioner filed his "writ" November 30, 1998. More than 9 days prior to the 1 year statute of limitations that the Respondent based his motion to dismiss on. Then add the 92 days that Petitioner had his state habeas petition filed and the Petitioner's "writ" was filed with more than 100 days left to be time-barred.

Respondent has maliciously attempted to mislead this Court into believing that Petitioner's "Writ" was Time-Barred. This being done by not telling the whole story. Failing to tell the Court that a motion for rehearing was filed on the ("PDR"). By using Rule 13.1 of the Rules of Supreme Court. Rule 13.3 of the Rules of Supreme Court reads as follows:

> The time to file a petition for writ of certiorari runs from the date of the entry of the judgement or order sought to be reviewed, and not from the issuance date of the mandate. **But if a petition for rehearing is timely filed in the lower court** by any party, **the time to file the petition for writ of certiorari for all parties runs from the <u>date of denial of the petition for rehearing</u>** or, if the petition for rehearing is granted, the subsequent entry of judgement

Respondent has also referred to a case called **Caspari v. Bohlen**, 114 S. Ct. 948, 953-54 (1994):

> A state conviction and sentence becomes final for purposes of retroactivety analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely filed petition has been finally demmed. [Citations ommited] The Missouri Court of Appeals **denied respondent's petition for rehearing** on October 13, 1985, and respondent did not file a petition for a writ of certiorari Respondent's conviction became final on Jan 2, 1986  91 days later.

The correct date to calculate the Time-Barred issue is from the date the motion for rehearing on ("PDR") was denied September 10, 1997. (See Attachment "C")

ClibPDF - www.fastio.com

Therefore, Petitioner's "Writ" was timely filed withing the meanings of the 1 year statute of limitations.

## OBJECTION # 4

TAKE NOTICE THAT THE TWO CASES WERE JOINED BY THE TRIAL COURT ON MARCH 2ND, 1992 IN THE MOTION TO SUPPRESS

Petitioner first raised this issued in his "Response to Court Order of 9-13-00" filed October 9, 2000. Both cases became intertwined by the mere fact that both derived from a singular arrest and collection of the evidence from one single instance. Hence, the suppression hearing and vital witness testimony are virtually the same case as well. On March 2, 1992 the trial court itself combined the two cases on the Motion to Suppress. (See Attachment "B"). The first page of Attachment "B" itself shows both cases 91-CR-1371-E and 91-CR-1521-E listed in one volume of statement of facts. This being volume II. On the page numbered 17 of Attachment "B" the state prosecutor tells the trial judge that in lines 16 thru 20 that "for clarification purposes, the motion to suppress confessions will be to all cases. And as also the motion to suppress search warrant will also be as to all cases; is that correct?" Wherinafter some discussion between all parties the trial court comes to the conclusion that the one motion to suppress were intertwined and would be held in one hearing. See page numbered 20 in Attachment "B" where the trial court states "I don't see any

reason why we can't handle them all. In fact, all of these alleged, you know, accusations, arose out of the same confession and same service of search warrant. I mean, for the purpose of the record, I think we should follow one hearing to all of them."

Also, the Court of Appeals for the Thirteenth Supreme Judicial District renedered a decision in one cause which was extensively drawn from to render its decision in the other case. Therefore, the appellate court likewise views both cases intertwined. See **Ashcraft v. State**, 900 SW2d 817 (TexApp--Corpus Christi 1995) & **Ashcraft v. State**, 934 SW2d 727 (Tex App--Corpus Christi 1996).

In conclusion, the two cases 91-CR-1371-E & 91-CR-1521-E became joined as one on March 2, 1992. The trial court itself states this as fact when it joined the two cases in the motion to suppress. "I mean, for the **purpose of the record**, I think we should follow one hearing for all of them" Trial Court on page 20 of Attachment "B" lines 15 thru 17. Hence, the Magistrate Judge has failed to take notice that the two cases were joined as one on the main issues of Petitioner's "Writ". Therefore, Petitioner correctly filed one "Writ" for both cases.

## OBJECTION # 5

TAKE NOTICE THAT CAUSE NUMBER 91-CR-1371-E IS THE
FIRST CASE AND LEAD CASE OF THE JOINED CASES

The Magistrate Judge in his "Report" states "Moreover, because Petitioner's first conviction became final before his second conviction, Petitioner's § 2254 Motion is time-barred as to the first conviction as well" (See Magistrate's "Report" at page 3) Apparently the Respondent's attempt to confuse the Court had worked in the way they jumbled their interpretation of the record.

The <u>first</u> case and lead case of Petitioner's "Writ" is 91-CR-1371-E. See Attachment "B" first page where the cause numbers are listed. The cause numbers are listed in order 91-CR-1371-E comes before 91-CR-1521-E the <u>second</u> case. Also, on the page number 19 in Attachment "B" the state prosecutor confirms that 91-CR-1371-E is the <u>first</u> case in lines 10 thru 15. Ms. Barguiarena (state prosecutor) "We are electing to go to trial this week on 91-CR-1371-E." Wherein the trial court responds: "That is the first case that he was indicted?" The state prosecutor response is: "Yes, that is the <u>first</u> case." Wherein the record confirms that 91-CR-1371-E is the <u>first</u> case and lead case.

### OBJECTION # 6

>   TAKE NOTICE THAT ANY ATTEMPT TO FILE A PETITION OF
>   HABEAS CORPUS § 2254 ON THE SECOND CASE 91-CR-1521-E
>   PRIOR TO THE FULL APPELLATE REVIEW OF 91-CR-1371-E
>   WOULD BE FAILURE TO EXHAUST ALL STATE REMEDIES

One of the most important prerequisites for filing a federal post-conviction action is that Petitioner must have exhausted all state remedies with respect to every issue

raised in the petition. See Federal Rules on 2254. Rule 2254 (c) states:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right, under the law of the State to raise, by any available procedure, the question presented.

Petitioner would not have been able to file any Federal § 2254 "Writ" prior to the outcome of the lead case 91-CR-1371-E. Due to the fact that the trial court had joined the two cases, cause number 91-1521-E's available state remedies had not been exhausted. Even though on first appearance it would seem this way because the final motion for rehearing on ("PDR") had been denied some time earlier, all state remedies available were not exhausted as long as the <u>first</u> case was still under direct appellate review. Because 91-CR-1371-E was still pending in direct appellate review Petitioner could not have discovered the factual predicate of his claims in 91-CR-1521-E until a date subsequent to the date his conviction became final. Petitioner was using due diligence to use the full appellate opportunities afforded to him in try his rights in the courts for both cases while waiting for the final outcome of the lead case 91-CR-1371-E.

### CONCLUSION

Petitioner now having stated his objections to the Magistrate Judge's "Report" respectfully requests the

District Judge of said Court to now conduct a de novo review of all of the above objections and facts of the record. Petitioner has shown the Court that, in fact, his Petition was timely filed and is not time-barred. That the Magistrate Judge has abused his discretion in failing to accurately report the facts of the case.

Petitioner timely filed his "Response To Court Order of 9-13-2000." Here Petitioner gave the Magistrate Judge sufficient facts to prove that his § 2254 "writ" was timely filed in all cases and issues. That the Respondent mislead and confused the Court with untrue facts of the record on times and dates of Petitioner's cases. Respondent then failed to point out that a motion for rehearing was timely filed on ("PDR") therein misleading the Court to believe that Petitioner's Petition was time-barred.

Petitioner timely filed his § 2254 "Writ" with more than 100 days to spare. His motion for rehearing was denied September 10, 1997 therein making the date for timely filing the "writ" December 9, 1998. Then with the additional 92 days of Petitioner's state habeas corpus Petitioner's "Writ" was timely filed with over 100 days to spare.

That the two cases were joined by the trial judge with all parties in agreement. This being so making 91-CR-1371-E the _first_ case, the controlling case for appellate review. Petitioner could not file any federal § 2254 "Writ" in the _second_ case 91-CR-1521-E until a full and fair direct review was completed. Hence, the time that Petitioner exhausted

all his state remedies would be on the final review date of 91-CR-1371-E.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that the Honorable Court in the hands of the District Judge of said Court conduct a de novo review of Petitioner's Written Objections To The Proposed Findings, Conclusions, and Recommendations In Magistrate Judge's Report and Recommendations. And in doing so, rule that Petitioner's § 2254 "Writ" is, in fact, timely filed as to both convictions. Therein granting Petitioner's "writ" on all points and issuing an order for his immediate release and any further relief available.

Respectfully submitted,

This date of February 3rd, 2001.

*Jon Alan Ashcraft*
JON ALAN ASHCRAFT

## CERTIFICATE OF SERVICE

I, Jon Alan Ashcraft, hereby certify that a true and correct copy of the above and foregoing Petitioner's Written Objections To The Proposed Findings, Conclusions, and Recommendations in Magistrate Judge's Report and Recommendations has been served on the State Prosecuting Attorney by placing a copy in a prepaid first class U.S. Mail sent to P.O. Box 12405 Capital Station, Austin, Texas 78711 on this date February 3rd, 2001.

*Jon Alan Ashcraft*
JON ALAN ASHCRAFT

## VERIFICATION

I, Jon Alan Ashcraft, Petitioner declare under penalty of perjury that the above and foregoing is true and correct to the best of my knowledge.

Executed this date : February 3rd, 2001.

*Jon Alan Ashcraft*
JON ALAN ASHCRAFT

## ATTACHMENT INDEX

**ATTACHMENT "A"**     COPY OF THE MAILROOM SLIP SHOWING THE
RECEIVED DATE OF MAGISTRATE'S "REPORT"
TO BE JANUARY 26, 2001
(ONE PAGE)

**ATTACHMENT "B"**     COPY OF FRONT PAGE OF MOTION TO SUPPRESS
OF MARCH 2, 1992 AND PAGES FROM STATEMENT
OF FACTS OF THAT HEARING IN BOTH CASES
91-CR-1371-E & 91-CR-1521-E
(FIVE PAGES)

**ATTACHMENT "C"**     COPY FROM THE CLERK OF THE COURT OF THE
TEXAS COURT OF CRIMINAL APPEALS
SHOWING THAT MOTION FOR REHEARING ON
PDR FOR PDR NO. 0260-97/ 91-CR-1371-E
WAS DENIED SEPTEMBER 10, 1997
(ONE PAGE)

```
```
ATTACHMENT "A"    COPY OF THE MAILROOM SLIP SHOWING THE
RECEIVED DATE OF MAGISTRATE'S "REPORT"
TO BE JANUARY 26, 2001
(ONE PAGE)

# ATTACHMENT "A"

# DATE OF MAGISTRATE'S REPORT WAS RECEIVED

2+K-8

## NOTIFICATION TO COME BY MAIL ROOM

_____RV_____ UNIT

Inmate Name _Ashcraft, Jon_ Date _1/25/01_

Inmate No. _638807_

The above named inmate is required to come to the ~~mail room~~ _1/26/01 10:30 Captains Office_
(Date and Time)

regarding the following matter:

_____ Questionable Correspondence
_____ Questionable Publication
__✓__ Package
__✓__ Legal, Special or Media Correspondence
_____ Other

Inmate's Signature _Jon Ashcraft_ Date _1-25-_

Notifying Officer's Signature _____

Original—Return to unit mail room.
Copy—Give completed copy to inmate.

I-152

ATTACHMENT "B"     COPY OF FRONT PAGE OF MOTION TO SUPPRESS
                   OF MARCH 2, 1992 AND PAGES FROM STATEMENT
                   OF FACTS OF THAT HEARING IN BOTH CASES
                   91-CR-1371-E & 91-CR-1521-E
                   (FIVE PAGES)