UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 21 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| JON ALAN ASHCRAFT, Petitioner, | § § § § |
| v. | § § MISC. NO. B-98-031 |
| GARY JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, Respondents. | § § § § § § § |

## ORDER

Having reviewed Petitioner Ashcraft's Objections to the Magistrate Judge's Report and Recommendation,[1] it appears that Respondents have filed an inaccurate Motion to Dismiss.[2] In applying the AEDPA statute of limitations to Petitioner's § 2254 Petition, Respondents failed to mention that Petitioner had filed a motion requesting a rehearing[3] of the Texas Court of Criminal Appeal's denial of his petition for discretionary review. Because Petitioner also failed to *explicitly* mention this fact prior to his current objections, Respondent's omission is understandable. Nonetheless, a cursory investigation into the law of this area suggests that Petitioner's motion for

---

[1] See Pleading No. 8.

[2] See Pleading No. 6.

[3] *Supra* FN8, Attachment C (Texas Court of Criminal Appeals Memo).

1

rehearing may have tolled the finality of his second conviction, and the running of his statute of limitations.[4] Accordingly, Respondent's are hereby ORDERED to respond thoroughly to Petitioner's Objections and to his original § 2254 Petition.

DONE in Brownsville, Texas this 20th day of February, 2001.

_____
Felix Recio
United States Magistrate Judge

---

[4] *Missouri v. Jenkins*, 495 U.S. 33, 46 110 S.Ct. 1651, 1660, 109 L.Ed.2d 31 (1990) (reciting the Supreme Court's Rule 13.4 and stating that "if a petition for rehearing is timely filed in the lower court by any party in the case, the time for filing the petition for a writ of certiorari ... runs from the date of the denial of the petition for rehearing or the entry of a subsequent judgment").

2