/0

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 22 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JON ALAN ASHCRAFT, | § | |
| Petitioner, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | MISC. NO. B-98-031 |
| GARY JOHNSON, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| Respondents. | § | |
| | § | |
| | § | |

## AMENDED ORDER

Having reviewed Petitioner Ashcraft's Objections to the Magistrate Judge's Report and Recommendation,[1] it appears that Respondents have filed an inaccurate Motion to Dismiss.[2] In applying the AEDPA statute of limitations to Petitioner's § 2254 Petition, Respondents failed to mention that Petitioner had filed a motion requesting a rehearing[3] of the Texas Court of Criminal Appeal's denial of his petition for discretionary review. Because Petitioner also failed to *explicitly* mention this fact prior to his current objections, Respondent's omission is understandable. Nonetheless, a cursory investigation into the law of this area suggests that Petitioner's motion for rehearing may have delayed the finality of his second conviction, and the running of his statute of

---

[1] See Pleading No. 8.

[2] See Pleading No. 6.

[3] *Supra* FN8, Attachment C (Texas Court of Criminal Appeals Memo).

1

limitations.[4]  Accordingly, Respondents are hereby ORDERED to respond thoroughly to Petitioner's Objections and to his original § 2254 Petition.  Respondents have until April 2, 2001 to comply.

DONE in Brownsville, Texas this 21st day of February, 2001.

_____
Felix Recio
United States Magistrate Judge

---

[4] *Missouri v. Jenkins*, 495 U.S. 33, 46 110 S.Ct. 1651, 1660, 109 L.Ed.2d 31 (1990) (reciting the Supreme Court's Rule 13.4 and stating that "if a petition for rehearing is timely filed in the lower court by any party in the case, the time for filing the petition for a writ of certiorari ... *runs from the date of the denial of the petition for rehearing or the entry of a subsequent judgment*"); *Caspari v. Bohlen,* 510 U.S. 383, 390, 114 S.Ct. 948, 953, 127 L.Ed.2d 236 (1994) (citing the Supreme Court's Rules 13.4 and 30.1 and holding that: "A state conviction and sentence become final . . . when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied. *See Griffith v. Kentucky,* 479 U.S. 314, 321, n. 6, 107 S.Ct. 708, 712, n. 6, 93 L.Ed.2d 649 (1987).  The Missouri Court of Appeals denied respondent's petition for *rehearing* on October 3, 1985, and respondent did not file a petition for a writ of certiorari.  Respondent's conviction and sentence therefore became final on January 2, 1986--91 days (January 1 was a legal holiday) later.") (emphasis added).

2