

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 2 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JON ALAN ASHCRAFT, § | |
| Petitioner, § | |
| § | misc |
| V. § | ~~CIVIL~~ ACTION NO. B-98-031 |
| § | |
| GARY L. JOHNSON, DIRECTOR, § | |
| TEXAS DEPARTMENT OF § | |
| CRIMINAL JUSTICE, § | |
| INSTITUTIONAL DIVISION, § | |
| Respondent. § | |

**RESPONDENT JOHNSON'S RESPONSE AND OBJECTIONS
WITH BRIEFS IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Respondent Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division ("the Director"), by his attorney, the Attorney General of Texas, and files this Response and Objections with Briefs in Support.

**I.**

**JURISDICTION**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254.

**II.**

**BACKGROUND**

This is a habeas corpus case brought by a Texas state prisoner, Jon Alan Ashcraft ("Ashcraft"), under 28 U.S.C. §§ 2241, 2254. The Director filed a motion to dismiss Ashcraft's petition as time-barred under 28 U.S. C. § 2244(d).[1] On February 22, 2001, this court ordered the Director to "respond thoroughly to Petitioner's Objections and to his original § 2254 petition." Docket entry no. 10.

---

[1] The Director forwarded copies of Ashcraft's state writ proceedings to the court.

# III.

## RESPONSE TO PETITIONER'S OBJECTIONS

**A.     Ashcraft's petition is timely under 28 U.S.C. § 2244(d) to the extent that it challenges the validity of cause number 91-CR-1371-E.**

Ashcraft's federal petition for writ of habeas corpus challenges the validity of two state convictions: cause number 91-CR-1371-E and 91-CR-1521-E.[2] Federal petition at 2. To the extent Ashcraft challenges cause number 91-CR-1371-E, his petition is *not* time-barred. In cause number 91-CR-1371-E, Ashcraft pleaded not guilty to the felony offense of burglary of a habitation, he was tried and found guilty by a jury. *Ex parte Ashcraft*, Application No. 24,803-02, at 89. On March 9, 1992, the jury assessed punishment of seventy-five years imprisonment and a $5,000 fine. *Id.* On remand from the Texas Court of Criminal Appeals, the Thirteenth Court of Appeals of Texas affirmed Ashcraft's conviction on August 22, 1996. *Ashcraft v. State*, 934 S.W.2d 727 (Tex. App.–Corpus Christi 1996, pet. ref'd). On May 7, 1997, the Texas Court of Criminal Appeals refused Ashcraft's *pro se* petition for discretionary review, No. 97-2060.[3] Exhibit A at 1. Further, the court denied Ashcraft's motion for rehearing on September 10, 1997. Exhibit A at 2. Moreover, Ashcraft challenged the validity of cause number 91-CR-1371-E in one state application for writ of habeas corpus, which he filed in the state district court on June 16, 1998. *Ex parte Ashcraft*, No. 24,803-02, at 1. On September 16, 1998, the Texas Court of Criminal Appeals denied it without written order. *Id.* at cover.

The record does not reflect that any unconstitutional "State action" impeded Ashcraft from filing for federal habeas corpus relief prior to the end of the limitations period. 28 U.S.C. §

---

[2] The magistrate referred to Ashcraft's "motion to vacate his two convictions" in his report and recommendation. Docket entry no. 7. The Director presumes, respectfully, that the magistrate is referring to Ashcraft's petition for writ of habeas corpus challenging his state convictions pursuant to 28 U.S.C. § 2254, as opposed to a "motion to vacate, set aside or correct the sentence" challenging a federal conviction pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. §§ 2254, 2255; *see also* Rules Governing Section 2254 Cases in the United States District Courts; Rules Governing Section 2255 Proceedings for the United States District Courts.

[3] A Texas Court of Criminal Appeals "Case Summary" printout for No. 97-2060 is attached hereto as Exhibit A. The Director has assigned page numbers for reference purposes.

2244(d)(1)(B). Furthermore, Ashcraft has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final. 28 U.S.C. § 2244(d)(1)(D). Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Accordingly, the latest date, the date the limitations period should begin to run, is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Regarding cause number 91-CR-1371-E, Ashcraft's conviction became final when the time for filing a petition for writ of *certiorari* expired, ninety days after the Texas Court of Criminal Appeals denied his motion for rehearing, on December 9, 1997. SUP. CT. R. 13(3); *see* Exhibit A at 2. Accordingly, the one-year limitation period for filing a federal petition expired on December 9, 1998.

The AEDPA provides that the time during which a properly-filed application for State post-conviction review of a judgment of conviction is pending shall not count toward the one-year limitations period. 28 U.S.C. § 2244(d)(2). In this case, the one-year limitations period began to run no later than December 10, 1997. Ashcraft's second state writ application, filed on June 16, 1998, served to toll the statute of limitations for ninety-two days, until the Texas Court of Criminal Appeals denied it on September 16, 1998. *Ex parte Ashcraft*, No. 24,803-02, at cover, 1; 28 U.S.C. § 2244(d)(2). Thus, Ashcraft's time for filing a federal petition, regarding cause number 91-CR-1371-E, was extended ninety-two days past December 9, 1998, until March 11, 1999. Accordingly, to the extend that Ashcraft challenges cause number 91-CR-1371-E, his federal petition, filed no sooner than November 30, 1998, was timely filed.

    B.    **Ashcraft's petition is time-barred under 28 U.S.C. § 2244(d) to the extent that it challenges cause number 91-CR-1521-E.**

To the extent Ashcraft challenges cause number 91-CR-1521-E, his petition is time-barred pursuant to 28 U.S.C. § 2244(d). In cause number 91-CR-1521-E, Ashcraft pleaded not guilty to the felony offense of burglary of a habitation, he was tried and found guilty by a jury. *Ex parte*

3

*Ashcraft*, Application No. 24,803-03, at 89. On August 21, 1992, the jury assessed punishment of seventy-five years imprisonment. *Id.* The Texas Court of Criminal Appeals granted Ashcraft an out-of-time appeal on October 27, 1993. *Ex parte Ashcraft*, No. 71,758. On May 4, 1995, the Thirteenth Court of Appeals of Texas affirmed Ashcraft's conviction. *Ashcraft v. State*, 900 S.W.2d 817 (Tex. App.–Corpus Christi 1995, pet. ref'd). Two petitions for discretionary review, No. 1291, were filed,[4] and on January 17, 1996, the Texas Court of Criminal Appeals refused one petition for discretionary review and dismissed the other. Exhibit B at 1-2. Further, the court denied Ashcraft's motion for rehearing on March 6, 1996. Exhibit B at 3. In addition, following the direct appeal, Ashcraft challenged the validity of cause number 91-CR-1521-E in one state application for writ of habeas corpus, which he filed in the state district court on June 16, 1998. *Ex parte Ashcraft*, No. 24,803-03, at 1. On September 16, 1998, the Texas Court of Criminal Appeals denied it without written order. *Id.* at cover.

The record does not reflect that any unconstitutional "State action" impeded Ashcraft from filing for federal habeas corpus relief prior to the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Also, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Furthermore, Ashcraft has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final. 28 U.S.C. § 2244(d)(1)(D). Ashcraft claims that he could not discover the factual predicate of his claims until the expiration of direct review in cause number 91-CR-1371-E, because the two causes were "joined." As proven in section II(C), below, these two causes were separate convictions. Moreover, the nature and existence of Ashcraft's claims were discoverable with due diligence well before his conviction was final; therefore, Ashcraft has not proven that a factual predicate arose after the expiration of his

---

[4] Ashcraft's attorney filed a petition for discretionary review ("PDR") on his behalf, and Ashcraft filed a *pro se* PDR. A Texas Court of Criminal Appeals "Case Summary" printout for No. 95-1291 is attached hereto as Exhibit B. The Director has assigned page numbers for reference purposes.

*Ashcraft*, Application No. 24,803-03, at 89. On August 21, 1992, the jury assessed punishment of seventy-five years imprisonment. *Id.* The Texas Court of Criminal Appeals granted Ashcraft an out-of-time appeal on October 27, 1993. *Ex parte Ashcraft*, No. 71,758. On May 4, 1995, the Thirteenth Court of Appeals of Texas affirmed Ashcraft's conviction. *Ashcraft v. State*, 900 S.W.2d 817 (Tex. App.–Corpus Christi 1995, pet. ref'd). Two petitions for discretionary review, No. 1291, were filed,[4] and on January 17, 1996, the Texas Court of Criminal Appeals refused one petition for discretionary review and dismissed the other. Exhibit B at 1-2. Further, the court denied Ashcraft's motion for rehearing on March 6, 1996. Exhibit B at 3. In addition, following the direct appeal, Ashcraft challenged the validity of cause number 91-CR-1521-E in one state application for writ of habeas corpus, which he filed in the state district court on June 16, 1998. *Ex parte Ashcraft*, No. 24,803-03, at 1. On September 16, 1998, the Texas Court of Criminal Appeals denied it without written order. *Id.* at cover.

The record does not reflect that any unconstitutional "State action" impeded Ashcraft from filing for federal habeas corpus relief prior to the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Also, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Furthermore, Ashcraft has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final. 28 U.S.C. § 2244(d)(1)(D). Ashcraft claims that he could not discover the factual predicate of his claims until the expiration of direct review in cause number 91-CR-1371-E, because the two causes were "joined." As proven in section II(C), below, these two causes were separate convictions. Moreover, the nature and existence of Ashcraft's claims were discoverable with due diligence well before his conviction was final; therefore, Ashcraft has not proven that a factual predicate arose after the expiration of his

---

[4] Ashcraft's attorney filed a petition for discretionary review ("PDR") on his behalf, and Ashcraft filed a *pro se* PDR. A Texas Court of Criminal Appeals "Case Summary" printout for No. 95-1291 is attached hereto as Exhibit B. The Director has assigned page numbers for reference purposes.

direct appeal. *See Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998) (holding that petitioner failed to prove that defense counsel's affidavit, submitted years after his conviction became final, formed part of the factual predicate of his claims because it "neither changes the character of Flanagan's pleaded due process claim nor provides any new ground for Flanagan's federal habeas petition."); *see also In re McGinn*, 213 F.3d 884, 885 (5th Cir. 2000) (petitioner failed to meet "factual predicate" exception for filing a successive habeas petition because he failed to prove that improved DNA tests weren't available at the time of his prior federal petition).

Accordingly, the latest date, the date the limitations period should begin to run, is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Regarding cause number 91-CR-1521-E, Ashcraft's conviction became final when the time for filing a petition for writ of *certiorari* expired, ninety days after the Texas Court of Criminal Appeals denied his motion for rehearing, on June 4, 1996. SUP. CT. R. 13(3); *see* Exhibit B at 3. Accordingly, the one-year limitation period for filing a federal petition expired on June 4, 1997. Ashcraft's third state writ application was not filed until June 16, 1998, after the expiration of the limitations period; therefore, it had no tolling effect. Moreover, Ashcraft's first state writ application did not delay the commencement or expiration of the one-year period because it was filed and denied before his conviction was final.[5] Accordingly, Ashcraft's federal petition, filed no sooner than November 30, 1998, was almost eighteen months (544 days) late. Therefore, to the extent that Ashcraft challenges cause number 91-CR-1521-E, this court should dismiss his petition pursuant to the one-year statute of limitations contained in 28 U.S.C. § 2244(d).

---

[5] His first state writ application was filed on March 29, 1993 and relief in the form of an out-of-time appeal was granted by the Texas Court of Criminal Appeals on October 27, 1993. *Ex parte Ashcraft*, No. 71,758, at cover (also numbered No. 24,803-01), 1.

> C. **Ashcraft's convictions in cause numbers 91-CR-1371-E and 91-CR-1521-E are separate under state law and under 28 U.S.C. § 2244(d).**

Ashcraft claims that the two convictions challenged in his federal petition should be considered as the same conviction for limitations purposes. His assertion is both factually and legally erroneous. State law creates a specific procedural mechanism for joining separate offenses in a single indictment or in a single trial. First, Texas law[6] allows offenses based upon separate indictments to be prosecuted in a single trial if the offenses arose out of the same criminal episode. TEX. PENAL CODE ANN. § 3.02 (Vernon Supp. 1990). However, a defendant has the right to have separate trials on offenses which have been "consolidated or joined for trial[.]" TEX. PENAL CODE ANN. § 3.04 (Vernon Supp. 1990). Also, state law allows offenses arising out of the same criminal episode to be joined in one indictment. TEX. CODE CRIM. PROC. ANN. art. 21.24 (Vernon Supp. 1990). In the case at bar, Ashcraft's offenses were not "consolidated or joined" for a single trial or "joined" in one indictment. In cause number 91-CR-1371-E, Ashcraft was indicted for a 1991 offense on November 13, 1991. *Ex parte Ashcraft*, No. 24,803-02, at 62-63. In cause number 91-CR-1521-E, Ashcraft was indicted for a 1990 offense on December 18, 1991. *Ex parte Ashcraft*, No. 24,803-03, at 64-65. In cause number 91-CR-1371-E, a jury was chosen and empaneled on March 2, 1992, and Ashcraft was sentenced on March 9, 1992. *Ex parte Ashcraft*, No. 24,803-02, at 59, 89. However, in cause number 91-CR-1521-E, a jury was selected on June 22, 1992, and Ashcraft's sentence was imposed on August 21, 1992. *Ex parte Ashcraft*, No. 24,803-03, at 59, 89.

On March 2, 1992, the trial court held a hearing on defense motions to withdraw and to suppress regarding nine causes, including cause numbers 91-CR-1371-E and 91-CR-1521-E.[7] *See* SF 17-20. At the hearing, the state specifically stated that it intended only to proceed to trial at that

---

[6] The Director is referring to the state law in effect at the time of the charged offenses. Ashcraft committed the burglary in cause number 91-CR-1371-E on June 22, 1991, and he committed the burglary in cause number 91-CR-1521-E on May 21, 1990. *Ex parte Ashcraft*, Nos. 24,803-02 and -03, at 89.

[7] Statement of facts ("SF"), "Volume 2 of VII," followed by internal page number. The Director will forward this volume of the statement of facts to the court under separate cover.

6

time on cause number 91-CR-1371-E, even though the suppression hearing would pertain to all the causes. SF 18-20. While the state had the option to consolidate or join these causes for trial, it refused. SF 19-20. Therefore, the record clearly shows that Ashcraft's offenses were neither joined in a single indictment, nor "consolidated or joined" for a single trial. Consequently, since Ashcraft challenges two separate state convictions in one federal petition, he must comply with 28 U.S.C. § 2244(d)'s one-year limitations period concerning each conviction. *See* 28 U.S.C. § 2244(d) ("A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the *judgment* of a State court.") (emphasis supplied). Accordingly, to the extent that Ashcraft challenges cause number 91-CR-1521-E, his petition should be dismissed pursuant to 28 U.S.C. § 2244(d).

IV.

OBJECTIONS TO THE MAGISTRATE'S AMENDED ORDER

The magistrate ordered the Director to "respond thoroughly to Petitioner's Objections *and* to his original § 2254 petition." Docket entry no. 10. However, the magistrate previously submitted a report and recommendation recommending that Ashcraft's petition be dismissed as time-barred. Docket entry no. 7. Given the potentially dispositive effect of the Director's pending motion to dismiss pursuant to 28 U.S.C. § 2244(d), the Director respectfully objects to the magistrate's order to respond on the merits of Ashcraft's petition and requests a ruling from the district court on his pending motion.[8] Accordingly, the Director requests that the court apply the above and find that Ashcraft's petition was time-barred pursuant to 28 U.S.C. § 2244(d) regarding cause number 91-CR-1521-E.

---

[8] The preparation of a responsive pleading on the merits at this time would require the undersigned to speculate concerning the court's ruling on the pending motion, which could necessitate the preparation of amended or supplemental pleadings. Such a result would waste the resources of the court and the Office of the Attorney General.

7

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General
For Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division

_____
BROOKS MOORE*
Assistant Attorney General
State Bar No. 24010246
Southern District Bar No. 24680

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
(512) 936-1280 (FAX)

ATTORNEYS FOR RESPONDENT

*Attorney in Charge

8

## CERTIFICATE OF SERVICE

I, Brooks Moore, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Johnson's Response and Objections with Briefs in Support has been served by placing same in the United States Mail, postage prepaid, on this the 1st day of May, 2001, addressed to:

Jon Alan Ashcraft,
TDCJ-ID No. 638807
Retrieve Unit
Route 5, Box 1500
Angleton, Texas 77515

BROOKS MOORE
Assistant Attorney General

9

# EXHIBIT A

ClibPDF - www.fastio.com




# COURT OF CRIMINAL APPEALS
## Case Summary

This record was last modified by the court on:
9/11/1997

Home

| | |
|---|---|
| **PDR/Case Number:** 97-0260 | **VIEW APPELLATE PROCESSES** |
| **Date Filed:** 3/4/1997 |  1    2 |
| **Style:** v. ASHCRAFT, JON ALAN | |

| | | | |
|---|---|---|---|
| **Case Type:** | BURGLARY OF A HABITATION (PRIOR CONVICTION) | **Appellate Process:** | PDR FILED - PRO SE |
| **County:** | CAMERON | **Date Filed:** | 3/4/1997 |
| **Trial Court:** | 357TH DISTRICT COURT | **Date Disposed:** | 5/7/1997 |
| **Trial Court Case Number:** | 91-CR-1371-E | **Date Mandate Issued:** | |
| **Court of Appeals Case:** | 13-92-00264-CR | | |

| | | | |
|---|---|---|---|
| **Calendar:** | | **Disposition Info** | |
| **Date Set:** | | **Proceedings:** | |
| **Reason Set:** | | **Event:** | PDR DISPOSITION |
| | | **Description:** | PRO SE |
| | | **Disposition:** | REFUSED |

Return to the Texas Judiciary Online

Case 1:98-mc-00031 Document 15 Filed in TXSD on 05/02/2001 Page 12 of 16

 

# COURT OF CRIMINAL APPEALS
## Case Summary

This record was last modified by the court on:
**9/11/1997**

Home

**PDR/Case Number:** 97-0260
**Date Filed:** 3/4/1997
**Style:** v. ASHCRAFT, JON ALAN

**VIEW APPELLATE PROCESSES**
1   2

| | | | |
|---|---|---|---|
| **Case Type:** | BURGLARY OF A HABITATION (PRIOR CONVICTION) | **Appellate Process:** | REHEAR FILED - PRO SE - PDR |
| **County:** | CAMERON | **Date Filed:** | 3/4/1997 |
| **Trial Court:** | 357TH DISTRICT COURT | **Date Disposed:** | 9/10/1997 |
| **Trial Court Case Number:** | 91-CR-1371-E | **Date Mandate Issued:** | |
| **Court of Appeals Case:** | 13-92-00264-CR | | |

| | | | |
|---|---|---|---|
| **Calendar:** | CASE STORED | **Disposition Info** | |
| **Date Set:** | 9/11/1997 | **Proceedings:** | |
| **Reason Set:** | APPEAL RECORD HAS BEEN RETURNED TO THE COA | **Event:** | MOTION FOR REHEARING DISPOSED OF |
| | | **Description:** | PRO SE |
| | | **Disposition:** | DENIED |

Return to the Texas Judiciary Online

2

# EXHIBIT B

ClibPDF - www.fastio.com

 

# COURT OF CRIMINAL APPEALS
## Case Summary

This record was last modified by the court on: 3/6/1996

Home

| | | |
|---|---|---|
| **PDR/Case Number:** | 95-1291 | **VIEW APPELLATE PROCESSES** |
| **Date Filed:** | 11/10/1995 | 1    2    3 |
| **Style:** | v. ASHCRAFT, JON ALLEN | |

| | | | |
|---|---|---|---|
| **Case Type:** | BURGLARY OF A HABITATION | | |
| **County:** | CAMERON | **Appellate Process:** | PDR FILED - APP |
| **Trial Court:** | 357TH DISTRICT COURT | **Date Filed:** | 11/10/1995 |
| | | **Date Disposed:** | 1/17/1996 |
| **Trial Court Case Number:** | 91-CR-1521-E | **Date Mandate Issued:** | |
| **Court of Appeals Case:** | 13-94-00022-CR | | |

| | | |
|---|---|---|
| **Calendar:** | | **Disposition Info** |
| **Date Set:** | | |
| **Reason Set:** | | **Proceedings:** MORE THAN ONE PETITION FILED IN A CASE |
| | | **Event:** PDR DISPOSITION |
| | | **Description:** APPELLANT |
| | | **Disposition:** DISMISSED |

Return to the Texas Judiciary Online




# COURT OF CRIMINAL APPEALS
## Case Summary

This record was last modified by the court on: 3/6/1996

Home

| | | |
|---|---|---|
| **PDR/Case Number:** | 95-1291 | **VIEW APPELLATE PROCESSES** |
| **Date Filed:** | 11/10/1995 | 1   2   3 |
| **Style:** | v. ASHCRAFT, JON ALLEN | |

| | | | |
|---|---|---|---|
| **Case Type:** | BURGLARY OF A HABITATION | **Appellate Process:** | PDR FILED - PRO SE |
| **County:** | CAMERON | | |
| **Trial Court:** | 357TH DISTRICT COURT | **Date Filed:** | 11/10/1995 |
| **Trial Court Case Number:** | 91-CR-1521-E | **Date Disposed:** | 1/17/1996 |
| | | **Date Mandate Issued:** | |
| **Court of Appeals Case:** | 13-94-00022-CR | | |

| | | |
|---|---|---|
| **Calendar:** | | **Disposition Info** |
| **Date Set:** | | |
| **Reason Set:** | | **Proceedings:** MORE THAN ONE PETITION FILED IN A CASE |
| | | **Event:** PDR DISPOSITION |
| | | **Description:** PRO SE |
| | | **Disposition:** REFUSED |

Return to the Texas Judiciary Online

2

.../QueryDetail?REC_ID=5633&app_ct=COURT+OF+CRIMINAL+APPEALS&scaseno=95    04/28/2001

 

# COURT OF CRIMINAL APPEALS
## Case Summary

This record was last modified by the court on: 3/6/1996

Home

| | | |
|---|---|---|
| **PDR/Case Number:** | 95-1291 | **VIEW APPELLATE PROCESSES** |
| **Date Filed:** | 11/10/1995 | 1   2   3 |
| **Style:** | v. ASHCRAFT, JON ALLEN | |

| | | | |
|---|---|---|---|
| **Case Type:** | BURGLARY OF A HABITATION | **Appellate Process:** | REHEAR FILED - PRO SE - PDR |
| **County:** | CAMERON | **Date Filed:** | 11/10/1995 |
| **Trial Court:** | 357TH DISTRICT COURT | **Date Disposed:** | 3/6/1996 |
| **Trial Court Case Number:** | 91-CR-1521-E | **Date Mandate Issued:** | |
| **Court of Appeals Case:** | 13-94-00022-CR | | |

| | | | |
|---|---|---|---|
| **Calendar:** | CASE STORED | **Disposition Info Proceedings:** | |
| **Date Set:** | 3/6/1996 | **Event:** | MOTION FOR REHEARING DISPOSED OF |
| **Reason Set:** | APPEAL RECORD HAS BEEN RETURNED TO THE COA | **Description:** | PRO SE |
| | | **Disposition:** | DENIED |

Return to the Texas Judiciary Online

3

.../QueryDetail?REC_ID=5634&app_ct=COURT+OF+CRIMINAL+APPEALS&scaseno=9504/28/2001