IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 9 2001

Michael N. Milby
Clerk of Court

JON ALAN ASHCRAFT,
    Petitioner

V.

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,
    Respondant

MISC: NO.:B-98-031

**PETITIONER'S RESPONSE TO RESPONDENT JOHNSON'S
RESPONSE AND OBJECTIONS OF 5-1-2001**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jon Alan Ashcraft, Petitioner Pro Se who presents this "Petitioner's Response To Respondent Johnson's Response and Objections of 5-1-2001."

Therefore, Petitioner respectfully requests this Court consider this response with the liberal scrutiny in keeping with the proviso enunciated in **Haines v. Kerner**, 404 U.S. 519, 92 SCt. 594 (1971), rather than considering this matter under the stringent standards applied to pleadings drafted by learned counsel. In support thereof Petitioner would show the Court the following:

I.

Petitioner has submitted that he has timely filed his Habeas Corpus under 28 U.S.C. §§ 2241, 2254 in both convictions Cause Number 91-CR-1371-E (the first conviction) and 91-CR-1521-E (the second conviction) in compliance with

-1-

Rules Governing Section 2254 cases Rule 2 (d) (Petitions to be directed to judgements of one court only). Respondent has concurred in his response that Cause Number 91-CR-1371-E is timely filed in Section III. A. of his response.

## II.

Respondent in Section III. B states that "Ashcraft's petition is time barred under 28 U.S.C. § 2244(d) to the extent that it challenges cause number 91-CR-1521-E." To this Petitioner strongly objects and states that his Petition filed under 28 U.S.C. § 2241, 2254 is timely filed in both cases. Petitioner has repeatedly showed this Court both cases "fact issues" were joined by the trial court on March 2, 1992 in a motion to suppress. Evidence of this is the portion of the record that Petitioner has submitted to this court in previous documents filed in this Court.

In attachment "E" of "Petitioner's Response to Court Order of 9-13-01" and attachment "B" of "Petitioner's Written Objections to the proposed Findings, Conclusions, and Recommendations in Magistrate Judge's Report and Recommendations" as detailed in "Objection 4" Petitioner has shown that the record supports the claim that both cause number 91-CR-1371-E (the first case) and 91-CR-1521-E (the second case) as well as a number of others cause numbers "fact issues" were all joined in one motion to suppress.

It is well established cases law that the trial Judge of a Trial Court has a wide discretion in decisions made in

his court. The record reflects that all parties (trial judge, prosecutor and defense counsel) were all in agreement that there was to be one motion to suppress for all cases. Hence, the **record supports** that the **cases "fact issues"** were **joined**. With that established the Respondent in his Motion filed December 12, 2000 at page 1 Section II states "The Director denies each and every allegation of fact made by Petitioner, **except those supported by the record** and those specifically admitted herein." Therefore, the "Director' in effect **agrees to the facts of the record** and the **facts of the record show the two cases "fact issues" were** joined on March 2, 1992.

Also, the Court of Appeals for the Thirteenth Supreme District rendered a decision in one cause which was extensively drawn from to render its decision in the others case. Therefore, the appellate court likewise views both cases intertwined. See **Ashcraft v. State**, 900 SW2d 817 (TexApp--Corpus Christi 1995) & **Ashcraft v. State**, 934 SW2d 727 (TexApp--Corpus Christi 1996).

In **Ashcraft v. State**, 934 SW2d 727 @ 732 Ft. Nt.1 States as follows:

> 1. "We addressed these very issues in another burglary case involving appellant. See Ashcraft v. State, 900 SW2d 817, 826-29 (TexApp--Corpus Christi 1995 one pet rer'f & one pet. dism'd) The two cases involved the same search warrant, affidavit, and **facts** relating to the execution of the warrant; therefore our analysis in that case is applicable to the present case, and we draw extensively from it."

-3-

With this fact established Petitioner has timely filed his petition in both cases Cause Number 91-CR-1371-E (the first caseand lead case) and Cause Number 91-CR-1521-E (the second case). This due to the fact that until the lead case 91-CR-1371-E had a final decision any attempt to establish a collateral attack on 91-CR-1521-E would be premature because all state remedies were not exhausted pursuant to 28 U.S.C. § 2254 (b)(1)(A) & §2254 (c). Therefore, Cause number 91-CR-1521-E is timely filed pursuant to 28 U.S.C. §§ 2244 (d)(1)(D) (West 1996):

> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The date from which 28 U.S.C. § 2244(d) tolls for both cases is from the final date of Cause Number 91-CR-1371-E. Which both the Respondent and this Court has agreed is timely filed. Therefore, both cases are timely filed and the Court should proceed as to both cases.

### III.

Respondent in III. C. now once again attempts to cloud the true facts of the case with smoke and mirrors. We have seen a pattern by respondent to mislead the Court with erroneous information. (See Respondents Motion to Dismiss.) Lets not stray from the facts of the record. Petitioner has

-4-

never claimed that the two indictments were "consolidated or joined" for a single trial. Only that the Search, Arrest and Confessions facts of the case are the same and were heard in one motion to suppress.

Therefore, the date on which the factual predicate of the claims on both cases presented could have been discovered through the exercise of due diligence would be the date of the final outcome of Cause Number 91-CR-1371-E. This would be in compliance with U.S.C. 28 2244(d)(1)(D).

This "joinder" of the two cases is also Petitioner's attempt exercise "judicial economy" with the Court's time and resources. With the consolidation of these two cases Petitioner will save the Court having to litigate the same facts of the case twice.

## IV.

In regards to the Respondents Objections to respond to the Courts Amended Order of 2-22, 2001 "to respond thoroughly to his original § 2254 Petition", Petitioner strongly objects to their failure to respond. Respondent in Ft.Nt. 8 says "such a result would waste the resources of the court and the Office of the Attorney General" is no more than a delay tactic by the Respondent. Respondent has been ordered **twice** to respond and has failed to. Respondent has had **two** "First Extensions of Time."

## Conclusion

Petitioner submits that his two cases are timely filed. That the Respondent seeks solely to attempt to confuse the Court of the true facts of this case. In fact, Respondent is beginning to show a pattern of misrepresentation of the facts of the case solely to confuse the Court and seek delay to the truth at hand. That Petitioner is illegally confined due to numerous Constitutional Violations of the U.S. Constitution.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Petitioner prays that this Honorable Court rule that both cases are timely filed and order Respondent to either respond to the Petitioner's Petition or order Petitioner's immediate release and any further relief available.

Respectfully submitted,

This date of May 24, 2001.

*[signature: Jon Alan Ashcraft]*

JON ALAN ASHCRAFT

-6-

## CERTIFICATE OF SERVICE

I, Jon Alan Ashcraft, hereby certify that a true and correct copy of the above and foregoing "Petitioner's Response to Respondent Johnson's Response and Objections of 5-1-01" has been served on the State's Prosecuting Attorney by placing a copy in a prepaid first class U.S. Mail sent to P.O. Box 12405 Capital Station, Austin, Texas 78711 on this date May 24, 2001.

*[signature]*

JON ALAN ASHCRAFT

## VERIFICATION

I, Jon Alan Ashcraft, Petitioner declare under penalty of perjury that the above and foregoing is true and correct to the best of my knowledge.

Executed this date: May 24, 2001.

*[signature]*

JON ALAN ASHCRAFT

-7-