IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

26

OCT 0 1 2001

Michael N. Milby
Clerk of Court

JON ALAN ASHCRAFT,
                    Petitioner

v.

JANIE COCKRELL, DIRECTOR
TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,
                    Respondent.

MISC. NO. B-98-031

PETITIONER'S OBJECTIONS TO RESPONDENT COCKRELL'S
THIRD MOTION TO SUBSTITUTE COUNSEL &
FIFTH MOTION FOR EXTENSION OF TIME

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jon Alan Ashcraft, Petitioner Pro Se who presents this "Petitioner's Objections To Respondent Cockrell's Third Motion To Substitute Counsel and Fifth Motion For Extension Of Time."

Therefore, Petitioner respectfully requests this Court consider this motion with the liberal scrutiny in keeping with the proviso enunciated in **Haines v. Kerner,** 404 U.S. 519, 92 SCt. 594 (1971), rather than considering this matter under the stringent standards applied to pleadings drafted by learned counsel. In support thereof Petitioner would show the Court the following:

I.

The Motion for Extension of Time filed by Attorney Denise A. Villarreal is moot because according to

-1-

CNPDF - www.fxesio.com

Petitioner's records at hand Ms. Villarreal has not been granted authority by this Court to appear as Attorney in Charge for the Respondent. It appears that a Motion to Substitute Counsel was filed on or about August 31, 2001. Petitioner has not received any official notice from this Court that Ms. Villarreal has any authority to appear as counsel for Respondent.

Petitioner at this time strongly objects to Ms. Villarreal being granted as Attorney in Charge because the Attorney General Office for the State of Texas has substituted counsel two previous times and with the motion at hand would make (4) four attorneys having been involved in this case in less than (1) one years time.

Petitioner after speaking with several other Petitioners that have dealt with the Texas Attorney Generals Office in Federal Habeas cases finds this to be a delay strategy that the Texas Attorney General often uses. Even though the motions assure the Court that these substitutions of counsel are "not requested to harass the Petitioner or to delay this proceeding," at this point Petitioner senses that, in fact, this is the only reason for the numerous substitutions of counsel and extensions of time. This would not be the first time that the counsel for the Respondent has attempted to mislead this Court. It is well documented that Respondent attempted to mislead this Court as to the truth of the record in their first motions to dismiss as time barred. But this Court has seen through the previous smoke and mirrors and detected these misleading pleadings made by Respondent and ruled accordingly.

-2-

CExPDF - www.texisx.com

## II.

Petitioner would bring to the Court's attention that the Respondent has the resources of the Attorney General Office for the State of Texas.  Although Petitioner does not have the exact number of attorneys on hand in this office one can imagine that the number is a rather large one.  Respondent thus has had available unlimited legal resources (i.e. on line computer capabilities to research legal authority, sheppards, etc., as well as access to all court records.)

Petitioner on the other hand is extremely limited to his ability to do legal research has no efficient access to sheppards and very limited access to court records.  The alleged law library that Petitioner has access to has not had air conditioning in a closed building all summer.  Many times law library is held in a gymnasium with other activities taking place all around (i.e. weight lifting and band practice) with only two opportunities to obtain legal books in the two hours a day Petitioner is allowed to attend law library.  To obtain any legal books Petitioner is forced to obtain the books through a slot in a plexiglass window similar to the ones you see in a Stop and Go store in cities like Houston, Dallas or any other large city.

Yet Respondent's counsel has the audacity to tell this Court that in over a one year period they don't have the time to respond to Petitioner's Habeas Corpus.  At Present there have been (3) previous attorneys in this case and with

–3–

Ms. Villarreal would make the (4) fourth one.  That this fourth counsel in the Motion for Extension of Time "assures the Court that" . . . "no further extensions of time are anticipated."  With the track record at hand can we believe this ?

To date Respondent is on their fourth attorney and with this motion will have had over **150 days worth of extensions of time.**  Three (3) First Extensions of Time (if you can figure that one out) (1) Second Extension of Time and now one just plain old Extension of Time.

Petitioner has remained silent in the previous motions of substitution of counsel and extensions of time out of respect to Respondent, the Court, and the legal system. **BUT** Petitioner no longer can remain silent because there seems to be no end Respondent's endless substitution of counsels and (First) Extensions of Time.

### III.

Pursuant to the facts stated heretofore Petitioner Objects to the Substitution of Counsel Motion of Ms. Villarreal and the Extension of Time Motion just filed. As stated earlier Ms. Villarreal's has not been authorized as Attorney in Charge in this case.  Therefore, Ms. Villarreal's Motion for Extension of Time should be denied as moot because she is not counsel for the Respondent as well as this is the  Fifth Motion for Extension of Time. Also the Motion for Substitution of Counsel should be denied for the simple fact that this is the third time in less than a year that Respondent has changed counsel and the reason

-4-

this time does not warrant a substitution.  Anne M. Marshall
stated in a previous motion that she has "been a member of
the Southern District Bar since 1988" . . . "is familiar
with and will follow the rules of court."  (See Respondent
Motion to Substitute Counsel by Anne M. Marshall bottom of
page 1 sent July 20, 2001). This more than qualifies Anne
Marshall for the task at hand and does not warrant a
substitution of counsel for the reasons stated in
Ms. Villarreal's substitution motion.

**PRAYER**

    **WHEREFORE, PREMISES CONSIDERED,** Petitioner prays that
this Honorable Court **DENY** Respondent Cockrell's Motion to
Substituted Counsel and Respondent Cockrell's Motion for
Extension of Time.   To rule a Default Judgement against
Respondent for their failure to respond to Petitioner's
Habeas Claims.  To **ORDER** the immediate release of Petitioner
and any further relief available.

                                  Respectfully submitted,

This date of September 26, 2001.

                                   Jon Alan Ashcraft
                                   Jon/Alan Ashcraft

-5-

## CERTIFICATE OF SERVICE

I, Jon Alan Ashcraft, hereby certify that a true and
correct copy of the above and foregoing motion has been
served on the State's Prosecuting Attorney by placing a copy
in prepaided U.S. Mail sent to P.O. Box 12548, Capitol
Station Austin, Texas 78711-2548 on this date September 26,
2001.

Jon Alan Ashcraft

## VERIFICATION

I, Jon Alan Ashcraft, Petitioner declare under penalty
of perjury that the above and foregoing is true and correct
to the best of my knowledge.

Executed this Date; September 26, 2001.

Jon Alan Ashcraft

—6—