IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 3 0 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JON ALAN ASHCRAFT,<br>    Petitioner<br><br>V.<br><br>JANIE COCKRELL, DIRECTOR<br>TEXAS DEPARTMENT OF<br>CRIMINAL JUSTICE,<br>INSTITUTIONAL DIVISION,<br>    Respondent. | MISC. NO. B-98-031 |

**PETITIONER'S WRITTEN OBJECTIONS TO THE PROPOSED
FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS IN
MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Jon Alan Ashcraft, Petitioner Pro Se, hereinafter "Petitioner" who now presents this "Petitioner's Written Objections To The Proposed Findings, Conclusions, and Recommendations In Magistrate Judge's Amended Report and Recommendations.

Therefore, Petitioner respectfully requests this Court consider this motion with the liberal scrutiny in keeping with the proviso enunciated in **Haines v. Kerner**, 404 U.S. 519, 92 SCt. 594 (1971), rather than considering this matter under the stringent standards applied to pleadings drafted by skilled counsel. In support thereof Petitioner as non-movant would show the Court the following:

-1-

Petitioner received the Magistrate Judge's Amended Report and Recommendations on March 19, 2002 when he was contacted by the Le Blanc Unit Mail Room. Petitioner then filed an extension of time requesting an additional (30) days from the 10 days allowed to write written objections. Therefore, this would make this written objections due on April 28, 2002 Petitioner now timely files his Written Objections to the Magistrate Judge's Amended Report and Recommendation by placing his Written Objections in the hands of the Le Blanc Unit Mail Room on April 27, 2002 via Certified Mail # 7001 1670 0012 0624 5652 in compliance with the well established "Mailbox" Rule. **See Spotsville v. Cain,** 149 F3d 374, 378 (5th Cir. 1998) (Motion deemed filed the day he handed over to prison authorities for mailing, presumably the date he signed it); also see **Houston v. Lack,** 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Therefore, in effect, preserving all of the below listed written objections for appeal and de novo review by the District Judge of said court.

It is requested that the court take **JUDICIAL NOTICE** of the fact that Petitioner is severely handicapped in his access to courts in his very limited law library time allowed to him. Also, that the law library available to Petitioner is very limited in access to the books available to which results in an impediment to Petitioner's research is such a short time and that all TDCJ-ID law libraries lack on hand Sheppards citations to Federal, State and Supreme

Court law. Petitioner also points out that he is currently in an extensive Therapeutic Program in which he attends over 9 hours a day of intense programming which also limits his free time to work on legal matters.

Petitioner further requests **JUDICIAL NOTICE** that the court take notice that Petitioner with the filing of these objections to the "Amended Report" once again applies the previously filed "Objections" to the first "Report" with the filing of these objections. That any and all "Objections" to the first "Report" also be valid objections applied to this "Amended Report" as well. On the preceding context Petitioner humbly asks this court take **JUDICIAL NOTICE**.

### I.

Jurisdiction is conferred to the Court pursuant to 28 U.S.C. § 2254, 2241, and Rules of Civil Procedure # 52 (a), (b) and # 59 (a), (b) & (e).

### II.

Petitioner's Written Objections to the Proposed Findings, Conclusions, and Recommendations in Magistrate Judge's Amended Report and Recommendations, hereinafter, referred to as "Report", in listed form are as follows:

It appears that the Magistrate Judge has abused his discretion by failing to perform a fair and complete review of the following objections:

1. The Magistrate Judge in his Amended Report has done nothing more than change (1) one word to the original "Report" in that the "Report" says that Petitioner pleaded "Not Guilty" See Procedural History page 1.

2. The Magistrate Judge has failed to review or take into consideration Petitioner's <u>previously filed objections</u> to the Magistrate Judge's "Report" filed February 22, 2002. Petitioner now with this objection number 2 re-urges these objections and applies them to the "Amended Report."

3. The Magistrate Judge in his report erred in his findings to grant summary judgment due to the fact that Respondent has failed to invoke the correct jurisdiction for summary judgement.

4. The Magistrate Judge has failed to apply Summary Judgement standards in review of the merits in opposition to United States Supreme Court precedent.

**OBJECTION NUMBER 1.**

The Magistrate Judge in his "Amended Report" has done nothing more than change (1) one word to the original "Report" in that the "Report" says that Petitioner pleaded "Not Guilty" See Procedural History page 1.

Yet, the "Amended Report" in the next page (page 2) Factual History is once again riddled with incorrect information that the Magistrate Judge is attempting to represent as "fact". Petitioner strongly objects that this "Amended Report" "Factual History" as well as other alleged facts are **NOT CORRECT.** Petitioner refers to his original objections as to **CORRECT** these inconsistencies in both the "Original Report" as well as the "Amended Report."

Petitioner has brought this to the court's attention on numerous occasions. Yet, it appears that the court has <u>chosen</u> to ignore Petitioner's claims that the Factual History is not true and correct and/or not reflecting a true copy of the record. Petitioner is being prejudiced by the fact that the Magistrate Judge accepts the flawed facts presented by Respondent as true. The Court has abused its discretion in doing so.

Petitioner further points out that he is now a prisoner/client at the Richard P. Le Blanc Unit located in Beaumont, Texas. Petitioner is no longer at the Retrieve Unit in Angleton, Texas. This is brought out for clarification purposes.

Petitioner would also point out that in issue number (7) seven "Conflict of Interest Claim" that the conflict was with a judge of the <u>Third Circuit Court of Appeals</u> is **incorrect**. The conflict was with a former judge in the <u>Thirteenth Court of Appeals</u>, Justice Melchor Chavez (now retired from the court), whom wrote the opinion of May 4, 1995 in **Ashcraft v. State**, 900 SW2d 817 (Tex.App.-Corpus Christi 1995). This opinion was carried over into the first and lead case in **Ashcraft v. State**, 934 SW2d 727 (Tex.App.-Corpus Christi 1996) see ft. nt. 1. Respondent has mislead the court that the conflict was with a judge in the Texas' Third Circuit Court of Appeals panel. The mere fact that the Magistrate Judge has just followed the misleading information as fact is a strong indicator that the court has abused its discretion. Petitioner <u>strongly objects</u> that the court can't even get the facts straight. How can the recommendations in the "Reports" be accepted if the court can't even get the <u>true</u> facts straight ?

The Magistrate Judge has abused his duty to make a fair and correct recommendation in his "Reports" to the United States District Judge. Petitioner respectfully requests that the U.S. District Judge take Petitioner's record and

claims under a microscope in a de novo review. Failure to do so will result in Petitioner being denied a full and fair review of his claims in his 28 U.S.C. § 2254, 2241 Petition for Habeas Corpus. This will result in Petitioner's U.S. Constitutional rights and claims not being fairly addressed and result in Petitioner being prejudiced by being unlawfully restrained of his liberty and freedom.

### OBJECTION NUMBER 2

The Magistrate Judge has failed to review or take into consideration Petitioner's *previously filed objections* to the Magistrate Judge's "Report" filed February 22, 2002. Petitioner now with this objection re-urges these objections and applies them to the "Amended Report." Due to the fact that it appears that the court has failed to even consider the Petitioner's previously filed "Objections to Magistrate Judges Report", Petitioner now applies all of these previously filed objections to this "Amended Report" as well as the new added objections.

Petitioner has attempted to correct the errors that the court has made toward his 28 U.S.C. 2254, 2241 writ of habeas corpus. However it appears that the court through the Magistrate Judge has turned a blind eye to Petitioner. The court in both the "Report" and "Amended Report" has made numerous errors and abused its discretion by making these errors through the recommendations in these "Reports." Petitioner urges the U.S. District Judge to take heed and correct these errors in the de novo review that it is about to conduct.

OBJECTION NUMBER 3

The Magistrate Judge in his report erred in his findings to grant summary judgement due to the facts that Respondent has failed to invoke the correct jurisdiction for summary Judgement. As Petitioner pointed out in his <u>JUDICIAL NOTICE</u> # (1) in his response to Cockrell's Motion for summary judgement, Respondent has not invoked any jurisdiction for the court to have <u>any jurisdiction</u> to even consider the motion for summary judgement. The Magistrate Judge's "Report" as well as the "Amended Report" to Respondent Cockrell's Motion for Summary Judgement recommends to grant summary judgement in Petitioner's 28 U.S.C.§§ 2241, 2254. Yet, there is no jurisdiction under this title for a summary judgement without invoking Federal Rules of Civil Procedure Rule # 56. This court has no jurisdiction to grant a summary judgement in this action.

Further, the United States Supreme Court has demonstrated from **Bell v. Hood**, 327 U.S. 678, 66 S.Ct.773, 90 LEd 939 (1946) that,

> ", the party that brings the suit is master to decide what law he will rely upon, & * * * (Constitution or laws) of the United States by his declaration of bill."

Id. @ 681, 66 S.Ct. @ 775. Petitioner established Habeas Corpus jurisdiction with the initial filing of this matter. In turn, Respondent has requested summary judgement relief without invocation of the proper jurisdiction under FRC #56.

The U.S. Supreme Court undeniably contends from **FW/PBS, Inc. v. City of Dallas**, 493 U.S. 215, 110 S.Ct. 596, 107 LEd 603 (1990) that:

> ".... it is the burden of the 'party who seeks the exercise of jurisdiction in his favor, (Citations Omitted) clearly to allege facts demonstration that he is the proper party to invoke judicial resolution of the dispute. (Citations Omitted) Thus, petitioners in this case must allege ... facts essential to show jurisdiction, If [they] fai[l] to make the necessary allegations; [they have] no standing.

Cf. **McNutt v. Gen. Motors Acceptance Corp.**, 295 U.S. 178.189 56 S.Ct. 780, 785, 80 LEd 1135 (1936). Respondent had titled his pleading as a motion for summary judgement this does not establish jurisdiction for summary judgement. The actual statute relied upon must be stated or as stated above from **FW/PBD., Inc. v. City of Dallas** the party has no standing lacking proper jurisdiction.

Hence, once Petitioner has met the burden and established jurisdiction over Respondent by making a prima face showing of the facts there is no need to pursue the facts further. **Wilson v. Belin,** 20 F3d 644 @ 648 (CA 5 1994). The Court must accept uncontroverted allegations in pleadings and resolve factual disputes emerging ... in favor of Petitioner. **D.J. Investments v. Metzler Motorcycle Tire Agent Gregg, Inc.,** 754 F2d 542, 546 (CA 5 1985); **Amoco Chemical Co. v. Texas Tin Corp.,** 925 F.S. 1192, @ 1199 (SD Tx 1996.)

Therefore Respondent his failed to assure (invoke) subject matter which is fatal to their summary judgement motion. In **Thomas v. St. Luke's Health Systems Inc.,** 869 F.S. 1413 @ 1424-25 (1994): "A federal court, as a court of limited jurisdiction, has a duty to assure itself that it has subject matter jurisdiction in each case." Citing:

Sanders v Clemco Indus., 823 F.2d 214,2 216 (8th Cir.1987). "Failure to plead federal jurisdiction is fatal" See: Thomas, supra @ 1424.

To take this one step further the Fifth Circuit ruled in **Dunn-McCampbell Royalty V. National Park Service**, 112 F3d 1283 @ 1286 (5th Cir.1997) that: "Federal courts are courts of limited jurisdiction, and they may not hear claims without jurisdiction conferred by statute. Veldhoen v. United States Coast Guard T.A., 35 F3d 222, 225 (5th Cir. 1994). In **Stockman V. Federal Election Com'n**, 138 F3d 144 @ 151(5th Cir.1998) the court held: "Federal courts are of limited jurisdiction conferred by statute, lack of power to adjudicate claims." See Veldhoen supra @ 225. The court further states in Stockman supra that "It is incumbent on all federal courts to <u>dismiss</u> an action whenever it appears that subject matter jurisdiction is lacking this is the first principle of federal jurisdiction."

Respondent is represented by the Attorney General's office for the State of Texas. They are not some pro se litigant who are entitled to "liberal scrutiny". Respondent has a battery of learned counsel with the latest technology at their hands. Surely Respondent should be held to invoke the proper jurisdiction if they wish to succeed in their summary judgement motion. Respondent's motion for summary judgement should fail on the mere fact that <u>no jurisdiction</u> was ever invoked. The court is without jurisdiction and lacks the power to adjudicate the alleged summary judgement

to rule in favor of Respondent's motion. The motion for summary judgement must fail. The court should grant Petitioner the relief he has requested and order his release.

**OBJECTION NUMBER 4**

The Magistrate Judge in his Report has failed to apply summary judgement standards in the review of the merits in opposition to United States Supreme Court precedent. In addition the court utterly ignores the fact that "contrary to.. ... clearly established federal law" and the " unreasonably determined " facts standards have been reiterated favorably in **Williams v. Taylor,** 120 SCT 1495 (2000). Although the standard is cited by the District Court it is wholly lacking the objective application to the merit of the facts as offered by Petitioner. Additionally, the Court addresses Petitioner's claims out of sequence.

The District Court misconstrues facts & fails to apply summary judgement standards. The Supreme Court for the United States held regarding summary Judgement decisions in **Anderson v. Liberty Lobby Inc.,** 477 U.S. 242 @ 249, 106 S.Ct. 2505, 2511, 91 L.Ed2d 202(1986), that ...in considering a motion for summary judgement, the court will not " weigh the evidence and determine the truth of the matter. " Instead, the court is to draw any permissible inferences from the underlying facts in the light most favorable to the non-moving party." **Matsushita Elec. Indus.Co. v. Zenith Radio,** 475 U.S. 574, 587-88, 106 S.Ct. 1348, 1356-57, 89 LEd2d 538 (1986).

Petitioner presented an affidavit with both state and federal habeas corpus writs. The affidavits are part of the record evidence that "<u>is to be believed</u>, and all justifiable inferences are drawn in favor of non-movant." **Anderson**, supra @ 255, 106 SCt @ 2513; **Eastman Kodak v. Inmage Technical Servs.**, 504 U.S. 451, 112 SCt 2072, 119 LEd2d 256 (1992).

The District Court has followed the state court findings on the search warrant issue without the evidence being supported by the record. The District Court claims in its recommendations that Petitioner directed the detectives to drugs and stolen property. However, in state court no drugs, lab analysis of drugs or stolen property was presented as evidence to the trial court. Thus, the point is a conclusory allegation with out physical evidence presented as required by law. In this case Petitioner's presentation of the facts is more consistent with the record evidence, and is to be accepted as true in accord with Supreme Court precedent regarding summary judgement review. While the District Court follows the state court assertion that 77 stolen items of property was recovered from Petitioner's home, no inventory list (as required by law) was left at the residence with Petitioner's mother, nor was **any** stolen items of property presented at trial before the court or jurors. Allegedly the detectives took 77 items from the Petitioner's home but without an inventory list being left with Petitioner or his mother there is no legal

chain of evidence and nothing to prove that the 77 items taken were even stolen therefore Petitioner has been prejudice and harmed by this because all we have is the word of the detectives. Without more than the word of the detectives there is no evidence. In fact, many items were returned to Petitioner's mother because the detectives had taken many personal items of Petitioner. In essence the police without any list of stolen property just rummaged through Petitioner's house at will under the illusion of a legal search warrant. The District Court abused its authority relying on speculation instead of factual evidence. The trial court lacking physical evidence of drugs or stolen property, thus no corroboration in the support of allegations presented at trial.

The District Court erroneously held that Juanita Torres received two syringes of heroin from Petitioner, while unsubstantiated. Petitioner loaned the couple twenty dollars and the couple purchased the heroin syringes from the park where the detectives finally located them after loosing the couple for fifteen or twenty minutes. In fact, testimony by the two detectives while trying to locate the couple after the couple left Petitioner's house while riding in the same car contradict each other. Detective Araiza, who was driving, turns left and goes over the Arroyo Bridge then makes a U-turn and comes back toward the Parkwood area then to the park. Detective Byrum took a right on Parkwood and then located the couple at the park some seven blocks

away. These detectives drove in opposite directions in the same car. Talk about contradictory statements ! Eventually after locating the couple at the park they are stopped at an HEB an additional seven or more blocks away and the couple allegedly voluntarily goes to the police station where 5 or 6 empty syringes were discovered in the couples truck.

Hence, the District Court then surmised that Juanita Torres gave an uncoerced statement yet the record reveals that she and her husband injected heroin moments before giving their statements. The Supreme Court in **Schneckleth v. Bustamonte,** 412 U.S. 218, 93 SCt. 2041, 36 LEd2d 854 (1973), is adamant to contend that a statement is not voluntary where the individuals "will is overborne with drugs" or "lacks capacity for concious choice." Cf. **Jackson v. Denno,** 378 U.S. 368, 84 SCt 1774, 12 LEd2d 908. (1964). In support of **Schneckbeth** where drugs were used to coerce the accused into complying with the will of the law enforcement. See also **Townsend v. Sain,** infra. Under Supreme Court precedent the statement given by Juanita Torres was not voluntary considering she was under the influence of heroin. The record evidence supports the fact that, Juanita Torres, herself admits that the statement she gave was a coerced statement. See the record at: (Cause No. 91-CR-1371-E S.F.Vol.5 p.239)

"Summary judgement is appropriate where there exists no genuine issues of material facts the moving party is

entitled to judgement as a matter of law" **Anderson**, supra, @ 247-48, 106 SCt.@ 2509-10. In **Rodgers V. E.P.A.**, 275 F3d 1096 @ 1103 (D.C. Cir. 2002) it states: "Summary judgement is inappropriate when contradictory inferences may be drawn from the evidence." Because the affidavit facts from Petitioner demonstrate proof that a dispute of the facts exists, it also shows that the state court relied on conjecture, not facts, therefore summary judgement should not issue hereupon.

## CONCLUSION

Petitioner has on numerous occasions shown this court that Respondent has presented untrue mistatements as facts. The Magistrate Judge in his "Report" as well as the "Amended Report" has fallen victim to these untrue representations of the facts of the record and adopted them. This shows that Petitioner, to date, is being prejudiced by the court due to the Magistrate Judge abusing his discretion in the review of Petitioner's 28 U.S.C.§§ 2254, 2241 habeas corpus petition. Petitioner strongly objects to his pleadings not being fairly reviewed by the court to present date and respectfully requests the U.S. District Judge in the de novo review correct these mistakes.

Therefore, the Magistrate Judge having been mislead by Respondent in the record facts of the case has also failed to follow the established Supreme Court law and precidence in the review of Petitioner's petition. Hence the recommendations in both the "Report" and "Amended Report" are contrary to, and/or involve unreasonable application of

clearly established Federal Law as determined by the Supreme Court of the United States. Also many state decisions that the court relies on were based on an unreasonable determination of the facts in light of evidence presented in the state court proceeding.

Further, Petitioner points out to the U.S. District Judge that the Respondent **NEVER** invoked the proper jurisdiction for the court to even grant a summary judgement. As the pleadings stand this court has no jurisdiction to even grant Respondent the summary judgement. Therefore, the summary judgement **must fail**.

Also, the Respondent did not respond to the court ordered time limitations to respond. Respondent changed counsel at least three times in order to delay these proceedings. Then finally responded past the prescribed time limitation. In effect, Respondent has defaulted in their pleadings. Petitioner should be granted relief just for the fact that Respondent has not timely opposed Petitioner's claims. Petitioner by law must prevail. Relief should be granted.

The Magistrate Judge in both his "Report" and "Amended Report" has failed to apply "summary judgement standards" in the review of the merits in opposition to United State's Supreme Court precedent. Petitioner has presented this court with proof that a dispute of the facts exists and that the state court relied on conjecture, not facts. The motion for summary judgement must fail.

Petitioner has repeadly shown the court facts in the record that support his claims. To present, the court has turned a blind eye to these facts and adopted the false conclusory statements of Respondent as facts. Furthermore Petitioner in his petition has shown the court when and where he invoked his federal constitutional rights as well as the fact that his federal constitutional rights were violated. Yet, the Magistrate Judge choses to ignore these claims. Failure for this court to correct these unjust actions will make for a sad day in ethical jurisprudence as well as de novo judicial review of the violations of the United States Constitutional Right's of a citizen of the United States of America, the Petitioner, being illegally restrained of his liberty and freedom by Respondent.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully request this court to DENY Respondent's Motion for Summary Judgement. To GRANT Petitioner relief requested in his petition and ORDER Petitioner's immediate release from his illegal restraint.

Respectfully submitted this date: April 27, 2002.

Jon Alan Ashcraft

17

## CERTIFICATE OF SERVICE

I, Jon Alan Ashcraft, hereby certify that a true and correct copy of the above and foregoing document has been served on the State Prosecuting Attorney by placing a copy in a prepaid U.S. Mail envelope sent to P.O. Box 12548, Capitol Station Austin, Texas 78711-2548 on this date: April 27, 2002.

                                  Jon Alan Ashcraft

## VERIFICATION

I, Jon Alan Ashcraft, Petitioner declare under penalty of perjury that the above and foregoing is true and correct to the best of my knowledge.

EXECUTED THIS DATE: April 27, 2002

                                  Jon Alan Ashcraft