UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 1 5 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| JON ALAN ASHCRAFT,<br>Petitioner,<br><br>v.<br><br>JANIE COCKRELL, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, INSTITUTIONAL DIVISION,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    MISC. NO. B-98-031 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petitioner Jon Alan Ashcraft's Application for a Certificate of Appealability (Doc. # 42). For the reasons stated below, the Application should be DENIED.

## BACKGROUND

Jon Alan Ashcraft is a state prisoner presently incarcerated at the Retrieve Unit in Angleton, Texas. Petitioner was indicted in the 357th District Court of Cameron County, Texas, in cause number 91-CR-1371-E, and charged with burglary of a habitation with an enhancement allegation included. Ashcraft pleaded not guilty to the charged offense. On April 8, 1992, the jury found Ashcraft guilty of burglary of a habitation, found the enhancement allegation to be true, and assessed punishment at seventy-five years confinement in the Texas Department of Criminal Justice - Institutional Division. The jury also assessed a $5,000.00 fine against the Petitioner.

Ashcraft's conviction was affirmed by the Thirteenth Court of Appeals of Texas on August 22, 1996.[1] Thereafter, Ashcraft filed a petition for discretionary review ("PDR"), but the

---

[1] Ashcraft v. State, 934 S.W. 2d 727 (Tex. App.--Corpus Christi 1996, writ ref'd).

Texas Court of Criminal Appeals refused the petition on May 7, 1997.[2] Ashcraft filed his first applicable state writ of habeas corpus on June 16, 1998.[3] Although Petitioner filed two other state applications for writ of habeas corpus, they are not relevant to this proceeding because they were challenges to his subsequent conviction for burglary of a habitation. The only applicable state writ application was denied by the Texas Court of Criminal Appeals without written order on September 16, 1998.[4]

Petitioner Ashcraft then filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in federal court. On March 15, 2002, the Magistrate Court issued a Report and Recommendation in the case that urged the District Court to deny Ashcraft's petition. On June 4, 2002, the District Court adopted the Magistrate Judge's Report and Recommendation, and denied Ashcraft relief by written order. On July 8, 2002, Petitioner Ashcraft filed an Application for a Certificate of Appealability.

## ANALYSIS

The AEDPA converted the "certificate of probable cause" that was required as a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a Certificate of Appealability ("CoA").[5] The CoA requirement supersedes the previous requirement for a certificate of probable cause to appeal for federal habeas corpus petitions filed

---

[2] Ashcraft v. State, PDR No. 260-97.

[3] Ex Parte Ashcraft, Application No. 24, 803-02, at 1.

[4] Id. at cover.

[5] See Hill v. Johnson, 114 F.3d 78, 80 (5th Cir. 1997), (recognizing that the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); and Muniz v. Johnson, 114 F.3d 43, 45 (5th Cir. 1997) (holding that the standard for obtaining a CoA is the same as for a CPC).

after the effective date of the AEDPA.[6] Under the AEDPA, to appeal the denial of a habeas corpus petition filed under Section 2254, a petitioner must obtain a CoA.[7] Under the AEDPA, appellate review of a habeas petition is limited to the issues on which a certificate of appealability ["CoA"] is granted.[8] A CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted alone.[9]

A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right.[10] To make such a showing, the petitioner need not show that he should prevail on the merits, but rather must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are

---

[6] See Robison v. Johnson, 151 F.3d 256, 259 n.2 (5th Cir. 1998), cert. denied, 526 U.S. 1100 (1999); and Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997), cert. denied sub nom. Monroe v. Johnson, 523 U.S. 1041 (1998).

[7] See Rudd v. Johnson, 256 F.3d 317, 319 (5th Cir. 2001), cert. denied, 122 S.Ct. 477 (2001); Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000); Soria v. Johnson, 207 F.3d 232, 236 (5th Cir. 2000), cert. denied, 530 U.S. 1286 (2000); Lamb v. Johnson, 179 F.3d 352, 356 (5th Cir. 1999), cert. denied, 528 U.S. 1013 (1999); and 28 U.S.C. §2253(c)(2).

[8] See Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997), (holding that the scope of appellate review of denial of habeas petition limited to issue on which CoA granted); and Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997), (holding that CoA necessary to appeal denial of habeas petition).

[9] See Lackey v. Johnson, 116 F.3d at 151; Hill v. Johnson, 114 F.3d at 80; Muniz v. Johnson, 114 F.3d at 45; Murphy v. Johnson, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3).

[10] See Slack v. McDaniel, 529 U.S. 473, 483, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000); Barefoot v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983); Rudd v. Johnson, 256 F.3d at 319; Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000); Soria v. Johnson, 207 F.3d at 236; Miller v. Johnson, 200 F.3d 274, 280 (5th Cir. 2000), cert. denied, 531 U.S. 849 (2000); Hicks v. Johnson, 186 F.3d 634, 636 (5th Cir. 1999), cert. denied, 528 U.S. 1132 (2000).

adequate to deserve encouragement to proceed further.[11] This Court is authorized to address the propriety of granting a CoA *sua sponte*.[12]

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. If this Court rejects a prisoner's constitutional claim on the merits, the petitioner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claim to be debatable or wrong.[13] In a case in which the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> whether this Court was correct in its procedural ruling.[14]

In this case, Petitioner Ashcraft can not make a substantial showing of a denial of a constitutional right. Further, Petitioner Ashcraft can not show that the issues are debatable amongst reasonable jurists. He also can not prove that another court would have resolved any of the issues he raised in his § 2255 petition differently. Ashcraft makes numerous arguments about errors made at trial and this Court's handling of his petition, but none of the claims rise to a

---

[11] See Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604; Barefoot v. Estelle, 463 U.S. at 893 n.4, 103 S.Ct. at 3394 n.4; Rudd v. Johnson, 256 F.3d at 319; Alexander v. Johnson, 211 F.3d at 896; Soria v. Johnson, 207 F.3d at 236-37; Miller v. Johnson, 200 F.3d at 280; and Hicks v. Johnson, 186 F.3d at 636.

[12] Alexander v. Johnson, 211 F.3d at 898.

[13] See Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604; and Rudd v. Johnson, 256 F.3d at 319.

[14] Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604 (holding that when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).


constitutional level. Therefore, these proceedings should not proceed and Petitioner Ashcraft's Application for a Certificate of Appealability should be DENIED.

## RECOMMENDATION

For the reasons set forth above, Petitioner's's petition for habeas relief under 28 U.S.C. § 2254 should be DENIED, and Respondent's Motion for Summary Judgment should be GRANTED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[15]

DONE in Brownsville, Texas this 15th day of July, 2002.

Felix Recio
United States Magistrate Judge

---

[15] See Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).